Filing # 169567308 E-Filed 03/24/2023 11:28:20 AM

|  |  |
|---|---|
| | IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT IN AND FOR COLLIER COUNTY, FLORIDA |
| | CASE NO.: |
| MARIA F. MARANO,<br>      Plaintiff,<br>vs.<br><br>SAM'S EAST INC.,<br>and JEFF WILLIAMS,<br>      Defendants.<br>_____/ | |

## COMPLAINT

COMES NOW, Plaintiff, MARIA F. MARANO by and through undersigned counsel and hereby sues Defendant, SAM'S EAST INC., and JEFF WILLIAMS, and for her Complaint alleges the following.:

### PARTIES, VENUE AND JURISDICTION

1. This is an action for damages exceeding Fifty Thousand Dollars ($50,000.00), exclusive of interest, costs and attorney's fees.

2. Plaintiff, MARIA F. MARANO (hereinafter "Plaintiff"), is an individual over the age of 18, residing in Naples, Collier County, Florida and is otherwise sui juris.

3. Defendant, SAM'S EAST INC. (hereinafter "Sam's Club") is a foreign corporation, with its principal address in Bentonville, Arizona, and is otherwise authorized to conduct business in this state.

4. Defendant, JEFF WILLIAMS (hereinafter "Williams") is an individual over the age of 18, and upon information and belief is a resident of Naples, Collier County, Florida.

5. At all times material hereto, Defendant, Sam's Club was in possession, custody, and control of the retail establishment located at 2550 Immokalee Road, Naples, Collier County, Florida, 34110.

6. The incident involved in this lawsuit occurred at the premises located at 2550 Immokalee Road, Naples, Collier County, Florida, 34110. As a result, Collier County is the appropriate and proper venue for this case.

7. On or about February 12, 2023, Plaintiff was severely injured when she slipped and fell on a clear liquid on the floor of the premises owned, controlled, and maintained by Defendant, Sam's Club, of which Defendant had actual or constructive knowledge, and which caused severe injuries to Plaintiff. Further, pursuant to Florida law at all times relevant, Defendants had a non-delegable duty with respect to the property, condition and activities of its agents, contractors, vendors and/or employees, including a duty to hire, train, supervise the person(s) who caused or contributed to the subject condition and non-delegable duties to maintain, inspect, warn, fix, repair, cordon off or otherwise prevent this foreseeable condition and the injuries from it. Further, the Defendants had a duty to promulgate, disseminate and enforce policies and procedures within its business which, had they been promulgated, disseminated and/or enforced would have prevent the foreseeable condition causing the subject incident resulting in injuries to this Plaintiff.

8. As a direct and proximate result of the Defendants' negligence, Plaintiff has been damaged.

### COUNT I- NEGLIGENCE
(DEFENDANT, SAM'S EAST INC.)

9. Plaintiff readopts and realleges paragraphs 1 through 8 above as if fully set forth herein.

10. Defendant, Sam's Club, as owner, property manager and operator of the aforementioned premises, and as the entity that had possession and control of said premises, or alternatively, as the lease of property for which the subject premises were a primary path of ingress or egress to Defendant's business, had a duty to maintain the premises in a reasonably safe condition so as to avoid injury to the Plaintiff and other customers or invitees to the Defendant's business, and also had a duty to inspect its premises and a duty to warn the Plaintiff of all dangerous conditions, including the one previously alleged, which it knew or should have known existed on its property and which created an unreasonable risk of harm to the Plaintiff.

11. Sam's Club negligently breached the aforementioned duties by:

    a) creating the condition which caused Plaintiff's injury;

    b) failing to maintain its location in a reasonably safe condition;

    c) allowing the dangerous condition to be on the property and/or to remain on the property for an unreasonable length of time, creating a fall hazard for customers and invitees such as Plaintiff. The dangerous conditions that caused the Plaintiff to slip and fall had been on the property long enough that the Defendant knew, or under the exercise of reasonable care should have known, that the dangerous condition existed and should be promptly addressed, and warning signs put out and this section of the property cordoned off until the condition was corrected. Nevertheless, Defendant did not take any of these steps and as a result Plaintiff fell and sustained injuries and related damages;

    d) failing to warn customers and business invitees, such as the Plaintiff, of the danger presented by the dangerous condition;

    e) failing to timely and properly inspect its property for any potentially dangerous or unsafe conditions, including the one previously alleged that caused Plaintiff's fall,

and failing to timely and properly correct the dangerous conditions on its property that caused the Plaintiff to fall and sustain injuries and other damages; and

    f)  failing to otherwise exercise due care with respect to the matter alleged in the Complaint.

  12. As a direct and proximate result of Defendant's negligence, Plaintiff fell while a customer/visitor/invitee at the Defendant's premises.

  13. As a further direct and proximate result of the negligence of Defendant as set forth above, Plaintiff suffered bodily injury and resulting pain and suffering, disability, mental anguish, loss of the capacity of the enjoyment of life, medical care and treatment expense, loss of earnings, and loss of ability to earn money. Further, Plaintiff suffered special damages consisting of the aggravation of certain pre-existing conditions. The losses are either permanent or continuing, and Plaintiff will suffer these losses in the future.

  14. WHEREFORE, Plaintiff, MARIA F. MARANO demands judgment for damages in excess of $50,000.00 against Defendant, SAM'S EAST INC. together with costs, prejudgment interest, and demands trial by jury.

**COUNT II- NEGLIGENT MODE OF OPERATION**
(DEFENDANT, SAM'S EAST INC.)

  15. Plaintiff readopts and realleges paragraphs 1 through 8 above as if fully set forth herein.

  16. Defendant, Sam's Club, as owner, property manager and operator of the aforementioned premises, and as the entity that had possession and control of said premises, or alternatively, had a duty to operate its business in a non-negligent manner and implement methodology which does not cause or contribute to the creation of dangerous conditions and also had a duty to maintain the premises in a reasonably safe condition so as to avoid injury to Plaintiff

and other customers or invitees to Defendant's business, and also had a duty to maintain its premises in reasonable condition free of all dangerous conditions, a duty to inspect it's premises and a duty to warn Plaintiff of all dangerous conditions, including the one previously alleged, which it knew or should have known existed on its property and which created an unreasonable risk of harm to Plaintiff.

17. Defendant negligently breached the aforementioned duties by:

    a) Implementing policies, procedures, and practices which foreseeably caused or contributed to the existence of the dangerous condition described herein;

    b) Failing to implement policies, procedures and practices which would prevent the foreseeable dangerous condition described herein;

    c) Otherwise causing, contributing to or condoning conduct and activity on it premises which foreseeably would cause or contribute to the creation of the dangerous condition described herein.

18. As a direct and proximate result of Defendant's aforementioned negligence, Plaintiff sustained injuries while a customer/visitor/invitee at Defendant's premises.

19. As a further direct and proximate result of Defendant's aforementioned negligence, suffered bodily injury and resulting pain and suffering, disability, loss of the capacity of the enjoyment of life, medical care and treatment expense, loss of earnings, and loss of ability to earn money. Further, Plaintiff suffered special damages consisting of the aggravation of certain pre-existing conditions. The losses are either permanent or continuing, and Plaintiff will suffer these losses in the future.

WHEREFORE, Plaintiff, MARIA F. MARANO demands judgment for damages in excess of $50,000.00 against Defendant, SAM'S EAST INC. together with costs, prejudgment interest, and demands trial by jury.

## COUNT III- NEGLIGENCE
(DEFENDANT, JEFF WILLIAMS)

20. Plaintiff readopts and realleges paragraphs 1 through 8 above as if fully set forth herein.

21. At all times material hereto, Defendant, Williams was employed by Co-Defendant, Sam's Club, as a manager, but was also personally, individually and directly responsible for maintaining, managing, supervising and/or operating the specific area of the subject store where Plaintiff fell and therefore personally and individually liable to Plaintiff.

22. Defendant, Williams had the following duties to guests utilizing the subject premises:

 a) Maintaining the premises in a reasonably safe condition to avoid injury to the Plaintiff and other individuals;

 b) Inspecting the premises and warning the Plaintiff of dangerous conditions, including the one previously alleged, she knew or should have known could occur, creating an unreasonable risk to the Plaintiff; and

 c) Using reasonable care to conduct the work being performed in a reasonably safe manner and to warn the Plaintiff of latent perils.

23. Defendant, Williams personally and individually knew or should have known of the dangerous condition, had a duty to maintain the premises in a reasonably safe condition so as to avoid injury to the Plaintiff and other customers or invitees to the Defendant's business, and also had a duty to inspect its premises and a duty to warn the Plaintiff of all dangerous conditions,

including the one previously alleged, which it knew or should have known existed on its property and which created an unreasonable risk of harm to the Plaintiff.

24. Defendant, Williams breached her duty of reasonable care and her duty to warn by:

 a) creating the condition which caused Plaintiff's injury;

 b) failing to maintain the location in a reasonably safe condition;

 c) allowing the dangerous condition to be on the property and/or to remain on the property for an unreasonable length of time, creating a fall hazard for customers and invitees such as Plaintiff. The dangerous conditions that caused the Plaintiff to slip and fall had been on the property long enough that the Defendant knew, or under the exercise of reasonable care should have known, that the dangerous condition existed and should be promptly addressed, and warning signs put out and this section of the property cordoned off until the condition was corrected. Nevertheless, Williams did not take any of these steps and as a result Plaintiff fell and sustained injuries and related damages;

 d) failing to warn customers and business invitees, such as the Plaintiff, of the danger presented by the dangerous condition;

 e) failing to timely and properly inspect its property for any potentially dangerous or unsafe conditions, including the one previously alleged that caused Plaintiff's fall, and failing to timely and properly correct the dangerous conditions on its property that caused the Plaintiff to fall and sustain injuries and other damages; and

 f) failing to otherwise exercise due care with respect to the matter alleged in the Complaint.

25. As a direct and proximate result of Williams's negligence, Plaintiff has been damaged.

26. As a further direct and proximate result of Williams's negligence as set forth above, Plaintiff suffered bodily injury and resulting pain and suffering, disability, loss of the capacity of the enjoyment of life, medical care and treatment expense, loss of earnings, and loss of ability to earn money. The losses are either permanent or continuing and Plaintiff will suffer losses in the future.

WHEREFORE, Plaintiff, MARIA F. MARANO demands judgment for damages in excess of $50,000.00 against Defendant, JEFF WILLIAMS together with costs, prejudgment interest, and demands trial by jury.

DATED: 03/24/2023

/s/ *Piercy J. Stakelum*
Piercy J. Stakelum, IV, Esq.
FBN: 135410
Tyler B. Nicoll, Esq.
FBN 106535
**Trial Pro, P.A.**
250 N. Orange Avenue, 14th Floor
Orlando, Florida 32801
Tel: 407-300-0000
Fax: 407-246-5022
Piercy@TrialPro.com
Tyler@TrialPro.com
Andre@TrialPro.com

Pursuant to Florida Rules of Judicial Administration 2.516(b)(1)(A), counsel hereby designates the following primary and secondary email addresses in the above-styled matter as follows:

Primary Email Addresses: Piercy@TrialPro.com; Tyler@TrialPro.com
Secondary Email Address: Andre@TrialPro.com