UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARIA F. MARANO,

    Plaintiff,

v.                               Case No.:  2:23-cv-1204-JLB-KCD

SAM'S EAST, INC. and JEFF
WILLIAMS,

    Defendants.

_____/

## ORDER

Before the Court is Plaintiff Maria Marano's Second Amended Motion to Remand (Doc. 15), and Defendant Sam's East, Inc.'s ("Sam's Club") response in opposition. (Doc. 16).[1] For the reasons below, Marano's motion is denied.

### I. Background

Marano sued Sam's Club and its manager, Jeff Williams, in state court accusing them of negligence after she slipped and fell in a Naples store. (Doc. 6.) Sam's Club, a citizen of Arkansas, removed the case to federal court, claiming diversity jurisdiction. (Doc. 1.) One problem. Williams and Marano are both Florida citizens, which typically precludes diversity jurisdiction. But

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

Sam's Club argues the Court should ignore Williams' citizenship because he is fraudulently joined to the suit. (*Id.* ¶ 6.)

Marano disagrees and now moves to have the case sent back to state court for lack of diversity. She claims the factual allegations in her complaint state a cause of action against Williams, making him a proper defendant. (*See* Doc. 15.) According to Marano, Williams owed her duties to "inspect[] the premises," "maintain[] [it] in a reasonably safe condition," and warn her of "dangerous conditions" and "latent perils." (Doc. 6 ¶ 22.) And Williams breached these duties by "creating the condition," "failing to maintain the location in a reasonably safe condition," letting the dangerous condition exist for an unreasonable length of time, "failing to timely and properly inspect" the premises, neglecting to warn visitors, and "failing to otherwise exercise due care with respect to the matter." (*Id.* ¶ 23.)

Sam's Club has filed a declaration from Williams that refutes the complaint. (Doc. 1-6.) Notably, Williams states he was not responsible for inspecting or cleaning the store's floors. (*Id.* ¶ 7.) And he was unaware of any hazardous condition, could not see the location where Marano fell, and "played no role in any of the events giving rise" to her fall. (*Id.* ¶¶ 9, 10, 11.)

## II. Legal Standard

Federal courts have jurisdiction over disputes between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. §

1332. A defendant may remove a case to federal court if those prerequisites are satisfied. 28 U.S.C. § 1441(a).

To trigger diversity jurisdiction under § 1332, no defendant can be a citizen of the same state as the plaintiff. *Jolly v. Hoegh Autoliners Shipping AS*, No. 3:20-CV-1150-MMH-PDB, 2021 WL 1172807, at *3 (M.D. Fla. Mar. 29, 2021). "Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). But there is an exception. A "plaintiff's fraudulent joinder of a non-diverse defendant will not defeat complete diversity." *Jackson v. Bank of Am., NA*, 578 F. App'x 856, 858 (11th Cir. 2014). "Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." *Championship Prop. LLC v. Coan*, No. 20-13728, 2022 WL 4455208, at *6 (11th Cir. Sept. 26, 2022). The reviewing court must disregard fraudulently joined defendants and determine whether there is complete diversity among the remaining parties. *Id.*

To establish fraudulent joinder, the removing party must show "by clear and convincing evidence that . . . there is no possibility the plaintiff can establish a cause of action against the resident defendant[.]" *Jackson*, 578 F. App'x at 858. In considering whether the plaintiff can state a claim that defeats diversity, the court considers the factual allegations in the record and "draw[s] all reasonable inferences" and "resolv[es] all contested issues of fact" in the

3

plaintiff's favor. *Crowe v. Coleman*, 113 F.3d 1536, 1541-42 (11th Cir. 1997); *Jolly*, 2021 WL 1172807, at *3. This analysis changes slightly when the defendant submits facts in an affidavit or declaration, as here, that contradict unsupported allegations in the complaint. *Legg v. Wyeth*, 428 F.3d 1317, 1323 (11th Cir. 2005); *Crowe*, 113 F.3d at 1541-42. In those circumstances, "the plaintiff generally must come forward with some evidence to dispute the sworn statements in the affidavit." *Shannon v. Albertelli Firm, P.C.*, 610 F. App'x. 866, 871 (11th Cir. 2015). When a plaintiff fails to do so, the court "must give weight to the sworn testimony rather than [the] unsupported allegations in the complaint." *Broadway v. State Farm Mut. Auto. Ins. Co.*, 4 F. Supp. 3d 1271, 1276 (M.D. Ala. 2014).

After reviewing the complaint and any other evidence submitted, the court must determine whether "[Florida] law might impose liability on the" resident defendant. *Crowe*, 113 F.3d at 1541-42. "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case [back] to the state court." *Ullah v. BAC Home Loans Servicing LP*, 538 F. App'x. 844, 846 (11th Cir. 2013).

### III.  Discussion

Marano sues Williams for negligence. (Doc. 6 at 6-8.) "[T]o state a cause of action for negligence, a plaintiff must establish that the defendant owed the

plaintiff a duty, the defendant breached that duty, the breach was the proximate cause of the plaintiff's injuries, and the plaintiff suffered damages as a result of those injuries." *Vincent v. C.R. Bard, Inc.*, 944 So. 2d 1083, 1084 (Fla. Dist. Ct. App. 2006).

As mentioned, Williams was the store manager where Marano fell. That relationship adds an extra layer to the analysis. "Under Florida law, a store manager, or other agent or employee of a corporation acting within the course and scope of their employment, may not be held individually liable in tort unless the complaining party first alleges and proves that the officer or agent owed a duty to the complaining party, and that the duty was breached through personal (as opposed to technical or vicarious) fault." *Ruscin v. Wal-Mart Stores, Inc.*, No. 8:13-CV-101-T-35TGW, 2013 WL 12157850, at \*4 (M.D. Fla. July 16, 2013). In other words, a store manager "may not be held personally liable simply because of his general administrative responsibility or performance of some function of his employment—he . . . must be actively negligent." *Id.*

Marano says her complaint "clearly states a negligence cause of action against Williams." (Doc. 15 at 4.) But "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Marano does not plead facts that show Williams owed her a duty beyond "his general administrative responsibility." *Ruscin*, 2013 WL 12157850, at *4. The complaint is also devoid of facts showing Williams was actively negligent. (*Id.*) Thus, the complaint does not state a negligence claim against Williams.

There is another obstacle for Marano. Not only are her allegations impermissibly conclusory, they are contested. As noted, Williams' declaration refutes the complaint. (Doc. 1-6.) And Marano offers nothing in response. (*See* Doc. 15.) This is a problem because *facts* dictate whether there is "a reasonable basis for predicting that [Florida] law might impose liability[.]" *Crowe*, 113 F.3d at 1541-42. The Court cannot resolve conflicts between the unsupported allegations in the complaint and Williams' declaration in favor of Marano. *Legg*, 428 F.3d at 1323; *Crowe*, 113 F.3d at 1541-42. "[W]here the [defendant] has presented unrebutted evidence in the form of an affidavit or declaration, courts must give weight to the sworn testimony rather than unsupported allegations in the complaint." *Broadway*, 4 F. Supp. 3d at 1276. Considering the factual record, as the Court must, it is further apparent that Marano cannot show Williams owed her an independent duty of care or breached that duty through active negligence. These are fundamental elements of her negligence claim. *Vincent*, 944 So. 2d at 1084.

At bottom, there is no possibility Marano can maintain her negligence claim against Williams on the existing record. Thus, the Court concludes that

he has been fraudulently joined. Excluding Williams, the parties are completely diverse and jurisdiction is appropriate under 28 U.S.C. § 1332. Marano's Motion to Remand (Doc. 15) is therefore **DENIED.**

ORDERED[2] in Fort Myers, Florida on February 5, 2024.

Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record

---

[2] Because a motion to remand does not address the merits of the case but merely challenges the forum, it is a non-dispositive matter that is appropriately handled by order. *See Franklin v. City of Homewood*, No. CIV.A. 07-TMP-006-S, 2007 WL 1804411, at *3 (N.D. Ala. June 21, 2007).