UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARIA F. MARANO,

    Plaintiff,

v.                                      Case No. 2:23-cv-1204-KCD-DNF

SAM'S EAST, INC.,

    Defendant.
_____/

## ORDER

Plaintiff Maria Marano slipped and fell at a Sam's Club. She allegedly suffered a meniscal tear to her knee, so she now sues for negligence. Defendant disputes whether there is a causal connection between the fall and injury. Marano offers Dr. Thomas Parent, who surgically repaired her knee, as an expert witness. He testified that the fall caused Marano's injury. Defendant moves to exclude Dr. Parent under Federal Rule of Evidence 702 and *Daubert*.[1] (Doc. 39.) Marano responded in opposition (Doc. 41), making this matter ripe. For the reasons below, the motion is **DENIED**.

It is axiomatic that "there must be a causal connection between the negligence complained of and the injury suffered." *Fla. E. Coast Ry. Co. v.*

---

[1] *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993).

*Pickard*, 573 So. 2d 850, 854 (Fla. Dist. Ct. App. 1990).[2] "In the negligence context under Florida law, lay testimony is legally insufficient to support a finding of causation where the medical condition involved is not readily observable." *Jones v. Disc. Auto Parts, LLC*, No. 6:16-cv-138-Orl-37KRS, 2017 WL 1396477, at *9 (M.D. Fla. Apr. 19, 2017). Because "soft tissue injuries are not readily observable," expert testimony is necessary to prove medical causation. *Id.*

A "witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise" when,

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Fed. R. Evid. 702. Judges act as "gatekeepers" for expert testimony, engaging in a "rigorous" test to determine whether (1) the expert is qualified; (2) the methodology is reliable; and (3) the methodology is correctly applied to assist the factfinder. *Rink v. Cheminova, Inc.*, 400 F.3d 1286, 1291-92 (11th Cir. 2005). These are commonly called the qualification, reliability, and helpfulness

---

[2] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

prongs. And while there is sometimes overlap between the three, each is separate with its own analysis. *Moore v. Intuitive Surgical, Inc.*, 995 F.3d 839, 851 (11th Cir. 2021). "The party offering the expert has the burden of satisfying each of these three elements by a preponderance of the evidence." *Rink*, 400 F.3d at 1292.

Only reliability is at issue. (Doc. 39 at 1.)[3] "An expert opinion is reliable if it was arrived at through, among other things, a scientifically valid methodology." *Moore*, 995 F.3d at 852. To determine reliability, courts typically ask a few questions: "(1) whether the expert's theory can be and has been tested; (2) whether the theory has been subjected to peer review and publication; (3) the known or potential rate of error of the particular scientific technique; and (4) whether the technique is generally accepted in the scientific community." *Quiet Tech. DC-8, Inc. v. Hurel-Dubois UK Ltd.*, 326 F.3d 1333, 1341 (11th Cir. 2003).

Turning back to the facts here, Dr. Parent came to his causation opinion after examining Marano, considering her medical history, reviewing MRIs, evaluating clinical symptoms, and ultimately performing surgery. This type of methodology is generally accepted for medical injuries. *Chau v. NCL (Bahamas) Ltd.*, No. 16-21115-CIV, 2017 WL 3623562, at *11 (S.D. Fla. May

---

[3] Doc. 39 is not paginated, so the Court cites the page numbers generated by its electronic filing system.

3, 2017) ("Examining patients, taking a medical history, reviewing x-rays and concluding that Ms. Chau's injury was caused by her then-recent fall is consistent with techniques that have been generally accepted in the proper scientific community."). A physician's causation opinions need only be "sufficiently related to the information disclosed during the course of Plaintiff's treatment[.]" *Britt v. Wal-Mart Stores E., LP*, 599 F. Supp. 3d 1259, 1263 (S.D. Fla. 2022).

Defendant takes issue with Dr. Parent's failure to perform "a differential diagnosis to rule out any alternative causes of Plaintiff's alleged injuries." (Doc. 39 at 5.) The Court is unconvinced. "[T]reating physicians are not required to perform a differential diagnosis to rule out other possible causes—this is merely one approved methodology." *Jones*, 2017 WL 1396477, at *9 n.12. Defendant offers no evidence of a different incident causing the injuries Dr. Parent treated. Nor is there any reason to doubt Dr. Parent's treatment was inadequate to rule out other causes.

Defendant also claims that Dr. Parent's opinions are unreliable because (1) they are based solely on what Marano told him; (2) he did not review any medical records that predate the fall; and (3) he failed to rule out any alternative cause. (Doc. 39 at 4-5.) These arguments likewise fail. Dr. Parent's opinions are not based solely on what Marano told him. He has a treatment history with Marano, performed the surgery, and reviewed the only prior

4

medical records (an MRI from 2015) available when forming his opinions. He testified that he would have considered an alternative explanation for the injuries if such information had been presented, but it wasn't. "[A] doctor usually may primarily base his opinion as to the cause of a plaintiff's injuries on his history where the plaintiff has sustained a common injury in a way that it commonly occurs[.]" *Wilson v. Taser Int'l, Inc.*, 303 F. App'x 708, 714 (11th Cir. 2008).

If Dr. Parent somehow ignored any further information or prior medical records involving the injuries (evidence that Defendant does not provide here), Defendant can address these failures during cross-examination. *See Moore*, 995 F.3d at 850 ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.").

For these reasons, Defendant's Motion to Exclude Expert Testimony of Thomas Parent, M.D. (Doc. 39) is **DENIED**.

**ORDERED** in Fort Myers, Florida on September 18, 2025.

Kyle C. Dudek
United States District Judge